UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

THE INSURANCE CORPORATION OF NEW YORK,



07 CIV 8700

Civil Action No:

Plaintiff,

-against-

UNITED STATES UNDERWRITERS INSURANCE
COMPANY, NATIONAL SURETY CORPORATION and
FEDERAL INSURANCE COMPANY,

Defendants.

------------------------------------------------------------------------------X

**COMPLAINT
FOR DECLARATORY
JUDGMENT**

RECEIVED
OCT 09 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, The Insurance Corporation of New York ("INSCORP"), by its attorneys, Melito

& Adolfsen P.C., as and for its Complaint For Declaratory Judgment against Defendants, United

States Underwriters Insurance Company ("U.S. Underwriters"), National Surety Corporation

("National Surety") and Federal Insurance Company ("Federal"), alleges as follows:

## NATURE OF SUIT:

1.      Plaintiff brings this Complaint pursuant to 28 U.S.C. § 2201 and Rule 57 of the

Federal Rules of Civil Procedure seeking a declaratory judgment that:

> (a) Forthright Development Company, LLC ("Forthright") was acting in
>
> its capacity as a member of City Club Hotel, LLC ("City Club") with
>
> respect to the action entitled Marek Szpakowski, et al. v. Shelby
>
> Realty, LLC, et al., Index No. 123412/00 ("The Szpakowski
>
> Action");

> (b) Forthright is entitled to insurance coverage in the Szpakowski action
>
> from U.S. Underwriters in accord with the decisions of this Court
>
> and the United States Court of Appeals for the Second Circuit ("The

Second Circuit"). <u>See</u> <u>U.S. Underwriters Insurance Co. v. City Club Hotel, LLC</u>, No. 02 Civ. 7379 (NRB), 2003 WL 2006621 (S.D.N.Y. Apr. 30, 2003); <u>aff'd</u>, <u>U.S. Underwriters Ins. Co. v. City Club Hotel, LLC</u>, 369 F.2d 102 (2d Cir. 2004)("<u>Shelby I</u>");

    (c) Forthright is entitled to excess insurance coverage in the <u>Szpakowski</u> action from National Surety in accord with this Court's decision. <u>See</u> <u>Shelby Realty, LLC v. National Surety Corp., et al.</u>, No. 06 Civ. 3260 (NRB), 2007 WL 1180651 (S.D.N.Y. Apr. 11, 2007)("<u>Shelby II</u>"); and

    (d) U.S. Underwriters and National Surety owe insurance coverage to City Club for any obligations City Club has to Forthright for contractual indemnification in the action currently pending in New York Supreme Court, County of New York, entitled <u>Forthright Development Company, LLC v. City Club Hotel, LLC</u>, Index No. 113468/07 ("The Contractual Indemnity Action").

## THE PARTIES

2.    Plaintiff INSCORP is a corporation organized under the laws of the State of New York and has its principal place of business at One Canterbury Green, Suite 3, Stamford, Connecticut 06901-2000. At all times hereinafter mentioned INSCORP was duly authorized to and conducted business in the State of New York.

3.    Upon information and belief, Defendant U.S. Underwriters is a corporation organized and existing under the laws of the State of Pennsylvania and has its principal place of business at 190 South Warner Road, P.O. Box 6700, Wayne,

Pennsylvania 19087. At all times hereinafter mentioned U.S. Underwriters was duly authorized to and conducted business in the State of New York.

4.    Upon information and belief, Defendant National Surety is a corporation organized and existing under the laws of the State of Illinois and New York with its corporate headquarters at 777 San Marin Drive, Novato, California 94998. At all times hereinafter mentioned National Surety was duly authorized to and conducted business in the State of New York.

5.    Upon information and belief, Defendant Federal Insurance Company is a corporation organized under the laws of the State of Indiana and has its principal place of business at 15 Mountain View Road, Warren, NJ 07601. Though no relief is being sought against Defendant Federal herein, it has an interest in the outcome of this declaratory judgment action.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship between the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs.

7.    Venue is proper in this matter pursuant to 28 U.S.C. § 1391 because events giving rise to the allegations asserted by the plaintiffs referenced herein occurred in this judicial district.

## THE POLICIES

8.    U.S. Underwriters issued a General Commercial Liability policy, Policy No. CL 3034793, to Shelby Realty, LLC ("Shelby") and City Club for the period May 15, 1999 to May 15, 2000 providing coverage with limits of $1,000,000 for each occurrence and subject to a $2,000,000 General Aggregate Limit ("The U.S.

Underwriters Policy"). A true and correct copy of the U.S. Underwriters' Policy is attached hereto and incorporated by reference herein as Exhibit "A."

9.     National Surety issued an Excess Liability policy, Policy No. XEK-000-8382-8616, to Shelby and City Club for the period May 15, 1999 to May 15, 2000 providing coverage in excess of the U.S. Underwriters Policy with limits of $9,000,000 for each occurrence and subject to a $9,000,000 General Aggregate Limit ("The National Surety Policy"). A true and correct copy of the National Surety Policy is attached hereto and incorporated by reference herein as Exhibit "B."

## GENERAL FACTUAL BACKGROUND

10.    In or about May 1999, Shelby, the owner of the property located at 55 West 44th Street, entered into an agreement with City Club whereby City Club agreed to renovate, build and operate a hotel on Shelby's premises ("The Hotel Renovation Project").

11.    City Club is composed of two members, Metropolitan Hotels, LLC ("Metropolitan") and Forthright, both of which also are limited liability companies ("LLCs").

12.    Prior to the commencement of the Hotel Renovation Project, City Club obtained the U.S. Underwriters Policy under which both Shelby and City Club are "Named Insureds."

13.    The U.S. Underwriters Policy specified that the members of any insured limited liability company are insured under the policy, "but only with respect to the conduct of [that insured limited liability company's] business."

4

14.   The National Surety Policy follows the form of the U.S. Underwriters Policy and pursuant to its terms states: "This coverage only applies to injury or damage covered by the Primary Insurance . . . Subject to the other provisions of the policy, [w]e will pay on behalf of the Insured those sums in excess of Primary Insurance that the Insured becomes legally obligated to pay as damages. . . ."

15.   On December 20, 2000, U.S. Underwriters disclaimed coverage to Shelby and City Club, based on the Employee Exclusion clause of the insurance policy, and copied the disclaimer letter to City Club's members, Forthright and Metropolitan.

16.   On January 16, 2001, National Surety disclaimed coverage to Shelby and City Club, and copied the disclaimer letter to City Club's members, Forthright and Metropolitan.

17.   This Court and the United States Court of Appeals for the Second Circuit rejected the U.S. Underwriters disclaimer and held that there is coverage for Shelby and City Club under the U.S. Underwriters Policy for the Szpakowski action.  See U.S. Underwriters Insurance Co. v. City Club Hotel, LLC, No. 02 Civ. 7379 (NRB), 2003 WL 2006621 (S.D.N.Y. Apr. 30, 2003); aff'd, U.S. Underwriters Ins. Co. v. City Club Hotel, LLC, 369 F.2d 102 (2d Cir. 2004).

18.   This Court also subsequently rejected the National Surety disclaimer and held that there is coverage for Shelby under the National Surety Policy for the Szpakowski action.  See Shelby Realty, LLC v. National Surety Corp., et al., No. 06 Civ. 3260 (NRB), 2007 WL 1180651 (S.D.N.Y. Apr. 11, 2007).

19.   At the time of the claims giving rise to the Szpakowski Action, Forthright and Metropolitan were conducting the Hotel Renovation Project.

5

20.     Forthright is therefore entitled to a declaration that National Surety must provide insurance coverage to Forthright, which is consistent with the holding of this Court and the Second Circuit that insurance coverage is owed to Forthright by U.S. Underwriters.

## THE SZPAKOWSKI ACTION

21.     On April 27, 2000, Marek Szpakowski, a construction worker employed by City Club fell and sustained injuries when the scaffolding he was standing on snapped.

22.     At that time, City Club was a tenant on Shelby's premises and was performing the Hotel Renovation Project.

23.     On or about November 16, 2000, Marek Spzakowski and his wife ("Plaintiffs") commenced the Szpakowski action alleging damages for his injuries.

24.     On April 7, 2004, Judge Lebedeff granted summary judgment in favor of plaintiffs' Labor Law § 240(1) claim against Forthright as the general contractor and further granted summary judgment for common law indemnification in favor of Shelby against Forthright. This decision is on appeal and has yet to be decided.

25.     In or about August 2005, after a trial on damages, a jury awarded plaintiffs damages in the amount of $1,701,730.69.

26.     On October 17, 2005, the Court (York, J.) vacated the jury's damages award unless the parties stipulated to increase the jury's award to $2,741,730.69.

27.     On January 8, 2007, the Court (York, J.) denied Forthright's motion to amend its answer to include the affirmative defense of Worker's Compensation Law. This decision is on appeal and has yet to be decided.

**U.S. UNDERWRITERS' ACTION FOR A DECLARATORY JUDGMENT ("SHELBY I")**

28.   In or about September 2002, U.S. Underwriters brought an action seeking a declaratory judgment that it had no duty to defend or indemnify not only Shelby and City Club, but also City Club's members, Forthright and Metropolitan.

29.   Cross-motions for summary judgment were filed, and the District Court granted the summary judgment motion of Shelby, City Club, Forthright and Metropolitan. See U.S. Underwriters Insurance Co. v. City Club Hotel, LLC, No. 02 Civ. 7379 (NRB), 2003 WL 2006621 (S.D.N.Y. Apr. 30, 2003), aff'd, U.S. Underwriters Ins. Co. v. City Club Hotel, LLC, 369 F.2d 102 (2d Cir. 2004)("Shelby "I").

30.   In affirming "Shelby I," the Second Circuit (Calabresi, J.) held that U.S. Underwriters' disclaimer of coverage as to Shelby, City Club, Forthright and Metropolitan was untimely and that U.S. Underwriters is obliged to defend and indemnify Shelby, which was the only entity seeking declaratory relief in "Shelby I," for the Szpakowski action.

31.   In "Shelby I," the Second Circuit held that U.S. Underwriters' disclaimer of coverage was untimely as to Forthright and Metropolitan specifically because, as the Second Circuit noted in fn.7, "the fact that Underwriters addressed its December disclaimer letter to City Club and copied it to Metropolitan and Forthright confirms this interpretation of the policy."

32.   In "Shelby I," the Second Circuit held that U.S. Underwriters' complaint against Forthright and Metropolitan is dismissed "with prejudice."

33.   "Shelby I," as affirmed by the Second Circuit, holds that U.S. Underwriters owes insurance coverage to Forthright, as well as Shelby, City Club and Metropolitan.

## SHELBY'S ACTION FOR A DECLARATORY JUDGMENT ("SHELBY II")

34.    In or about April 2006, Shelby brought an action against National Surety seeking a declaration that National Surety was obligated to indemnify Shelby for the Szpakowski action under the National Surety excess policy.  Shelby Realty, LLC v. National Surety Corp., et al., No. 06 Civ. 3260 (NRB)("Shelby II").

35.    The District Court (Buchwald, J.) agreed with Shelby and ruled that "the plain language of the Separation of Insureds Clause limits the Employee Exclusion and does not apply to Shelby unless one of Shelby's employees is injured during the course of employment."  2007 WL 1180651 (S.D.N.Y. Apr. 11, 2007).

36.    In "Shelby II," this Court declared that National Surety is responsible for, and owes, any excess coverage to Shelby for the Spzakowski action.  Id.

37.    "Shelby II" holds that National Surety owes insurance coverage to Forthright.

### AS AND FOR A FIRST CAUSE OF ACTION

#### Forthright Acting as a Member of City Club

38.    Plaintiff INSCORP repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 37, inclusive, with the same force and effect as if fully set forth herein.

39.    Forthright was a limited liability member of City Club engaged in the Hotel Renovation Project at the time of the claims giving rise to the Szpakowski action.

40.    In "Shelby I," the Second Circuit held that Forthright is entitled to insurance coverage from U.S. Underwriters in its capacity as a member of City Club.

41.    In "Shelby I," U.S. Underwriters' complaint seeking a declaratory judgment against Forthright and Metropolitan was dismissed "with prejudice."

42.    By reason of the foregoing, INSCORP is entitled to a declaration that Forthright was acting in its capacity as a member of City Club with respect to the Szpakowski action.

43.    Plaintiff has no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION

### U.S. Underwriters' Obligations to Forthright

44.    Plaintiff INSCORP repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 43, inclusive, with the same force and effect as if fully set forth herein.

45.    In "Shelby I," the Second Circuit held that U.S. Underwriters' disclaimer to Forthright was untimely.

46.    By reason of the foregoing, INSCORP is entitled to a declaration that Forthright, which did not seek declaratory relief in "Shelby I," is entitled to insurance coverage from U.S. Underwriters for any liability of Forthright in the Szpakowski action in accord with the Second Circuit's decision in "Shelby I."

47.    Plaintiff has no adequate remedy at law.

## AS AND FOR A THIRD CAUSE OF ACTION

### National Surety Obligations to Forthright

48.    Plaintiff INSCORP repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 47, inclusive, with the same force and effect as if fully set forth herein.

49.    In "Shelby II," the District Court held that National Surety is obligated to indemnify Shelby in excess of the U.S. Underwriters Policy for the underlying Szpakowski action. The same ruling applies to City Club.

50.    By reason of the foregoing, INSCORP is entitled to a declaration that Forthright is entitled to insurance coverage from National Surety for any liability of Forthright in the Szpakowski action in accord with this Court's decision in "Shelby II."

51.    Plaintiff has no adequate remedy at law.

### AS AND FOR A FOURTH CAUSE OF ACTION

### U.S. Underwriters and National Surety's Obligations to City Club

52.    Plaintiff INSCORP repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 51, inclusive, with the same force and effect as if fully set forth herein.

53.    Forthright has commenced the Contractual Indemnity Action against City Club seeking contractual indemnification for any judgments, expenses, costs and/or payments incurred by Forthright in connection with the Szpakowski action.

54.    Forthright will establish that City Club owes contractual indemnification to Forthright in the Contractual Indemnity Action.

55.    By reason of the foregoing, INSCORP seeks a declaration that U.S. Underwriters and National Surety owe insurance coverage to City Club for any obligations City Club has to Forthright for contractual indemnification in the Contractual Indemnity Action.

56.    Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff INSCORP respectively requests the following relief:

57.    On the First Cause of Action, a declaration that Forthright was acting in its capacity as a member of City Club with respect to the Szpakowski action.

10

58.   On the Second Cause of Action, a declaration that Forthright is entitled to insurance coverage from U.S. Underwriters for any liability of Forthright in the Szpakowski action in accord with the Second Circuit's decision in "Shelby I."

59.   On the Third Cause of Action, a declaration that Forthright is entitled to insurance coverage from National Surety for any liability of Forthright in the Szpakowski action in accord with this Court's decision in "Shelby II."

60.   On the Fourth Cause of Action, a declaration that U.S. Underwriters and National Surety owe insurance coverage to City Club for any obligations City Club has to Forthright for contractual indemnification in the Contractual Indemnity Action.

61.     Such other and further relief as this Court deems proper in this matter.


Dated: New York, New York
        October 9, 2007

                                        Yours, etc.,


                                        MELITO & ADOLFSEN P.C.

                            By:         _Louis G. Adolfsen_____
                                        Louis G. Adolfsen (LGA-5431)
                                        Rippi Gill (RG-5338)
                                        *Attorneys for Plaintiff*
                                        233 Broadway, 28th Floor
                                        New York, New York 10279
                                        (212) 238-8900



TO:     United States Underwriters Insurance Company
        190 South Warner Road
        P.O. Box 6700
        Wayne, PA 19087-2191

        National Surety Corporation
        777 San Marin Drive
        Novato, California 94998

        Federal Insurance Company
        15 Mountain View Road
        Warren, NJ 07601
*59477*

EXHIBIT A

## A-18



**U.S. UNDERWRITERS
INSURANCE COMPANY**
BISMARCK, NORTH DAKOTA

POLICY DECLARATIONS
No. CL 3034793

*Coding Strip Produced*

THIS INSURANCE POLICY IS WRITTEN BY AN INSURER (INSURERS) NOT LICENSED BY THE STATE OF NEW YORK, NOT SUBJECT TO ITS SUPERVISION, AND NOT PROTECTED, IN THE EVENT OF INSOLVENCY OF THE INSURER, BY THE NEW YORK STATE FUNDS. THE POLICY MAY NOT BE SUBJECT TO ALL OF THE REGULATIONS OF THE INSURANCE DEPARTMENT PERTAINING TO POLICY FORMS.

NAMED INSURED AND ADDRESS:
  CITY CLUB HOTEL, LLC/SHELBY REALTY LLC
  55 WEST 44TH STREET
  NEW YORK, NY 10036

POLICY PERIOD: (MO. DAY YR.)  FROM 5/15/99  TO 5/15/2000    12:01 AM STANDARD TIME AT YOUR MAILING ADDRESS SHOWN ABOVE

FORM OF BUSINESS:  CORPORATION    Audit Ordered
  Date 3/21/00 Int. RC

BUSINESS DESCRIPTION:  VACANT BUILDING UNDER RENOVATION

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A LIMIT OF INSURANCE IS INDICATED.

| Coverage Part | Limits of Insurance | Premium |
|---|---|---|
| Commercial General Liability | | $10,094.00 |
| Each Occurrence Limit | $1,000,000 | |
| Personal and Advertising Injury Limit | $1,000,000 | |
| Medical Expense Limit (any one person) | $5,000 | |
| Fire Damage Limit (any one fire) | $100,000 | |
| Products/Completed Operations Aggregate Limit | Included in General Aggregate | |
| General Aggregate Limit (other than Products/ Completed Operations) | $2,000,000 | |
| Liquor Liability | | $0.00 |
| Each Common Cause Limit | Not Covered | |
| Aggregate Limit | Not Covered | |
| Professional Liability | | $0.00 |
| Each Claim/Medical Incident Limit | Not Covered | |
| Aggregate Limit | Not Covered | |
| Other: | | $0.00 |
| Total Advance Premium For This Policy (This premium may be subject to adjustment) | | $10,094.00 |

Location Of All Premises You Own, Rent, Or Occupy:    1) 55 West 44th Street, New York, NY 10036

### PREMIUM COMPUTATION

| Location Territory | Classification | Code No. | Premium Basis | Rate Pr/Co | All Other | Advance Premium Pr/Co | All Other |
|---|---|---|---|---|---|---|---|

**See Endorsement CL 170 (1/86)**

Coverage Form(s)/Part(s) and Endorsement(s) made a part of this policy at time of issue:  **See Endorsement EOD (01/95)**

Policy Premium: $10,094.00    Countersigned 5/25/99

Placing Broker: AMERICAN MARKETING CENTER (LAKE SUCCESS) [317242]

Producing Broker: Gerber Atlas Fries & Assoc Inc,381 Sunrise Hwy,Lynbrook,NY 11563  By _____

Authorized Representative

A-19

EXTENSION OF DECLARATIONS

Policy Number:   CL 3034793

Effective Date:   6/15/99

FORMS AND ENDORSEMENTS

| Endt # | Revised | Description of Endorsements |
|---|---|---|
| CL 200-B | 02/95 | Additional Exclusions, Amendment and Conditions |
| CL-170 | 01/86 | Extension of Declarations |
| 2110 | 04/93 | Service of Suit |
| CG0001 | 01/96 | Commercial General Liability Coverage Form |
| CG0300 | 10/93 | Deductible Liability Insurance |
| CG2116 | 11/85 | Designated Professional Services Exclusion |
| CG2139 | 11/85 | Exclusion-New Entities |
| CG2139 | 10/93 | Contractual Liability Limitation |
| CG2144 | 11/85 | Limitation of Coverage to Designated Premises |
| CG2234 | 01/96 | Exclusion-Construction Management Errors & Omissions |
| IL0021 | 04/98 | Nuclear Energy Liability Exclusion End't |
| L-232s | 10/88 | Classification Limitation Endorsement |
| L-257s | 04/83 | Independent Contractors-Condition of Certificates |
| L-294s | 10/97 | Key to Declarations Premium Schedule |
| L-298 | 01/92 | Lead Contamination Exclusion |
| L-310 | 03/92 | Employees of Insured & Independent Contractors Excl. |
| L-338 | 02/94 | Premium Audit Sec IV (Minimum & Deposit) |
| L-367 | 01/95 | Minimum Earned Premium Endorsement |
| L-445NY | 07/98 | Year 2000 Computer Related Problems Exclusion |

En dt #7

MODIFICATIONS TO CL 200-B (02/95)

No Modifications

All other terms and conditions remain unchanged.

EOD (1/95)

Authorized Representative

## COMMERCIAL GENERAL LIABILITY
### EXTENSION OF DECLARATIONS

Policy Number:    CL 3034793

**LOCATION OF PREMISES**                          Effective Date:   5/15/99

Location of All Premises You Own, Rent or Occupy:

1)    55 West 44th Street, New York, NY 10036

**PREMIUM**

| Location Territory | Classification | Code No. | Premium Basis | | Pr/Co | All Other | Advance Premium Pr/Co | All Other |
|---|---|---|---|---|---|---|---|---|
| 001 | Vacant Bldg-Not Factory-OTNFP Including Products/Completed Ops | 68606 | A) | 18,500 | Incl | 25.613 | Incl | $474 |
| 001 | Contractors-Subcontracted work in connection with construction, reconstruction, repair or erection of buildings-NOC | 91585 | C) | 3,000,000 | .923 | .097 | $2,769 | $291 |
| 001 | Drywall/Wallboard | 92338 | P) | 125,000 | 1.263 | 13.890 | $158 | $1,736 |
| 001 | Carpentry | 91342 | P) | 125,000 | 2.364 | 34.960 | $296 | $4,370 |

"Vacant Building means a building not occupied for its originally intended use."

Extension of Declarations-Total Advance Premium    $10,094

CL 170 (Ed. 1-86) UNIFORM PRINTING AND SUPPLY, INC.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## EXCLUSION - YEAR 2000 COMPUTER-RELATED AND OTHER ELECTRONIC PROBLEMS

The endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**PROFESSIONAL LIABILITY COVERAGE PART**

This insurance does not apply to any loss or injury arising directly or indirectly out of:

1.  Any actual or alleged failure, malfunction or inadequacy of:

    a.  Any of the following, whether belonging to any insured or to others:

        (1)    Computer hardware, including microprocessors;

        (2)    Computer application software;

        (3)    Computer operating systems and related software;

        (4)    Computer networks;

        (5)    Microprocessors (computer chips) not part of any computer system; or

        (6)    Any other computerized or electronic equipment or components; or

    b.  Any other products, and any services, data or functions that directly or indirectly use or rely upon, in any manner, any of the items listed in Paragraph 1. a. of this endorsement

    due to the inability to correctly recognize, process, distinguish, interpret or accept the year 2000 and beyond.

2.  Any advice, consultation, design, evaluation, inspection, installation, maintenance, repair, replacement or supervision provided or done by you or for you to determine, rectify or test for, any potential or actual problems described in Paragraph 1. of this endorsement.

L- 445  (7/98)

This Page Left Blank Intentionally

A-21.1

## ENDORSEMENT

This endorsement, effective                    M                              forms a part of

policy No                           issued to

by

### EXCLUSION OF INJURY TO EMPLOYEES, CONTRACTORS AND EMPLOYEES OF CONTRACTORS

This insurance does not apply to:

(i)   bodily injury to any employee of any insured, to any contractor hired or retained by or for any insured or to any employee of such contractor, if such claim for bodily injury arises out of and in the course of his employment or retention of such contractor by or for any insured, for which any insured may become liable in any capacity;

(ii)  any obligation of any insured to indemnify or contribute with another because of damages arising out of the bodily injury; or

(iii) bodily injury sustained by the spouse, child, parent, brother or sister of an employee of any insured, or of a contractor, or of an employee of a contractor of any insured as a consequence of bodily injury to such employee, contractor or employee of such contractor, arising out of and in the course of such employment or retention by or for any insured.

This exclusion applies to all claims and suits by any person or organization for damages because of such bodily injury, including damages for care and loss of services.

This exclusion replaces the exclusion relating to bodily injury to employees and relatives of employees contained in the Exclusions Section of the policy to which this endorsement is attached.

All other terms and conditions remain unchanged.

L-310 (3/92)

_____
Authorized Representative

A-22

## ENDORSEMENT

This endorsement, effective                                                M

policy No                                                                                            forms

                                issued to

by

## EXCLUSION — LEAD CONTAMINATION

This insurance does not apply to bodily injury, personal injury or property damage or any other loss, injury or damage, arising out of the ingestion, inhalation or absorption of lead in any form.

All other terms and conditions remain unchanged.

L-298 (1/92)                                                        Authorized Representative



**A-23**

ms a part of

SUPPLEMENTAL CONDITION -
CONTRACTORS'/OWNERS' SUBCONTRACTED WORK

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Section IV - Commercial General Liability Conditions are Supple-
mented as follows:

This insurance does not apply to "Bodily Injury", "Property
Damage", "Personal Injury" or "Advertising Injury" arising out of
operations performed for you by independent contractors unless you
obtain Certificates of Insurance from such independent contractors
providing evidence of the Insurance Coverage and Limits of
Liability equal to or greater than those carried by you contained
in this policy, including Statutory Workers' Compensation and
Employers Liability.

Coverage under this policy will not change if evidence of certif-
icates of insurance providing insurance coverage and limits of
liability equal to or greater than the limits of this policy are
not provided. However, in this instance, for the sole purpose of
computing rates and premium, independent contractors will be con-
sidered employees of the insured and a premium charge will be made
accordingly. The entire cost of all work sublet will be used as
the premium bases for the work performed.

T-257s (4/93)

A-24

## ENDORSEMENT #7

This endorsement, effective 5/15/99    12:01 A.M., forms a part of Policy No. CL 3034793

Issued to  CITY CLUB HOTEL, INC.

by      U.S. Underwriters Insurance Company

In consideration of the premium charged, it is understood and
agreed the Vacant Building Wording is deleted from policy:

    Vacant Building means a building not occupied
    for its originally intended use.

All other terms and conditions remain unchanged.

6/01/99    sc

_Thomas P. Berney_
Authorized Representative

AMERICAN MARKETING CENTER (LAKE SUCCESS)                    5/7/99

A-25

## ENDORSEMENT #2

This endorsement, effective 5/15/99   12:01 A.M., forms a part of Policy No. CL 3034793

Issued to  CITY CLUB HOTEL, LLC/SHELBY REALTY LLC

by      U.S. Underwriters Insurance Company

IN CONSIDERATION OF THE PREMIUM CHARGED AT INCEPTION, IT IS HEREBY
UNDERSTOOD AND AGREED THAT AS RESPECTS LOCATION #1 THE FOLLOWING
OCCUPANCY IS ADDED TO AND MADE A PART OF THIS POLICY:

BUILDINGS OR PREMISES - MERCANTILE - LESSORS RISK ONLY

CLASSIFICATION CODE: 61217

AREA: 13,500

PREMIUM: "INCLUDED"

All other terms and conditions remain unchanged.

2/14/2000   KEG

_____

Authorized Representative

AMERICAN MARKETING CENTER (LAKE SUCCESS)

A-26

## ENDORSEMENT

## MINIMUM EARNED PREMIUM ENDORSEMENT

In the event of cancellation of this policy by the insured, a Minimum Earned Premium of $2,524 , or 25% , whichever is greater,  shall become earned; any conditions of the policy to the contrary notwithstanding.

Failure of the insured to make timely payment of premium shall be considered a request by the insured for the company to cancel.  In the event of such cancellation by the company for non-payment of premium, the Minimum Premium shall be rescinded in the event that the insured remits the full premium due within 10 (ten) days of receiving it.

In the event of any other cancellation by the company, the Earned Premium shall be computed Pro Rata, not subject to the Minimum Premium.

All other terms and conditions remain unchanged.

L-367 (01/95)

_____
Authorized Representative

A-27

**ENDORSEMENT**

---

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY INSURANCE**

---

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# ADDITIONAL EXCLUSIONS

## EMPLOYMENT-RELATED PRACTICES EXCLUSION

**A.** The following exclusion is added to paragraph 2., Exclusions of COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I - Coverages):

This insurance does not apply to:

"Bodily injury" to:

  (1) A person arising out of any:

    (a) Refusal to employ that person;

    (b) Termination of that person's employment; or

    (c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

  (2) The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in paragraphs **(a)**, **(b)**, or **(c)** above is directed.

This exclusion applies:

  (1) Whether the insured may be liable as an employer or in any other capacity; and

  (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**B.** The following exclusion is added to paragraph 2., Exclusions of COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY (Section I - Coverages):

This insurance does not apply to:

"Personal injury" to:

  (1) A person arising out of any:

    (a) Refusal to employ that person;

    (b) Termination of that person's employment; or

    (c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

  (2) The spouse, child, parent, brother or sister of that person as a consequence of "personal injury" to that person at whom any of the employment-related practices described in paragraphs **(a)**, **(b)**, or **(c)** above is directed.

This exclusion applies:

  (1) Whether the insured may be liable as an employer or in any other capacity; and

  (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

CG 21 47           Copyright, Insurance Services Office, Inc., 1992

## ASBESTOS EXCLUSION

This policy does not apply to any "bodily injury," "personal injury" or "property damage" arising out of or resulting from Asbestos..

L-261

CL200-B (2/95)                                                           PAGE 1 OF 2

A-28

POLICY NUMBER:

COMMERCIAL GENERAL LIABILI
CG 03 00 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

# DEDUCTIBLE LIABILITY INSURANCE

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART.

## SCHEDULE

| Coverage | Amount and Basis of Deductible | |
|---|---|---|
| | PER CLAIM | or PER OCCURRENC |
| Bodily Injury Liability | $ | $ |
| OR | | |
| Property Damage Liability | $ | $ |
| OR | | |
| Bodily Injury Liability and/or | | |
| Property Damage Liability Combined | $ | $ |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**APPLICATION OF ENDORSEMENT** (Enter below any limitations on the application of this endorsement. I no limitation is entered, the deductibles apply to damages for all "bodily injury" and "property damage", however caused):-

1. Our obligation under the Bodily Injury Liability and Property Damage Liability Coverages to pay damages on your behalf applies only to the amount of damages in excess of any deductible amounts stated in the Schedule above as applicable to such coverages.

2. You may select a deductible amount on either a per claim or a per "occurrence" basis. Your selected deductible applies to the coverage option and to the basis of the deductible indicated by the placement of the deductible amount in the Schedule above. The deductible amount stated in the Schedule above applies as follows:

   a. **PER CLAIM BASIS.** If the deductible amount indicated in the Schedule above is on a per claim basis, that deductible applies as follows:

   (1) Under Bodily Injury Liability Coverage, to all damages sustained by any one person because of "bodily injury";

   (2) Under Property Damage Liability Coverage, to all damages sustained by any one person because of "property damage"; or

   (3) Under Bodily Injury Liability and/or Property Damage Liability Coverage Combined to all damages sustained by any one person because of:

   (a) "Bodily injury";

   (b) "Property damage"; or

   (c) "Bodily injury" and "property damage" combined

   as the result of any one "occurrence".

   If damages are claimed for care, loss of services or death resulting at any time from "bodily injury", a separate deductible amount will be applied to each person making a claim for such damages.

   With respect to "property damage", person includes an organization.

CG 03 00 10 93          Copyright, Insurance Services Office, Inc., 1992          Page 1 of 2

A-29

POLICY NUMBER:                                                    COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION—DESIGNATED PROFESSIONAL SERVICES

This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERAGE PART.

**SCHEDULE**

**Description of Professional Services:**

1.

2.

3.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

With respect to any professional services shown in the Schedule, this insurance does not apply to "bodily injury," "property damage," "personal injury" or "advertising injury" due to the rendering or failure to render any professional service.

CG 21 16 11 85                  Copyright, Insurance Services Office, Inc., 1984                          □

A-30

COMMERCIAL GENERAL LIABILITY

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# EXCLUSION — NEW ENTITIES

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART.

Part 4. of WHO IS AN INSURED (Section II) does not apply.

A-31

COMMERCIAL GENERAL LIABILITY
CG 21 39 10 93

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# CONTRACTUAL LIABILITY LIMITATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The definition of "insured contract" in the DEFI-NITIONS Section is replaced by the following:

"Insured contract" means:

a. A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

b. A sidetrack agreement;

c. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e. An elevator maintenance agreement.

CG 21 39 10 93            Copyright, Insurance Services Office, Inc., 1992

A-32

POLICY NUMBER:

COMMERCIAL GENER

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFUL**

# LIMITATION OF COVERAGE TO DESIGNATED PREMIS PROJECT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART.

SCHEDULE

Premises:

Project:

(If no entry appears above, information required to complete this endorsement will be shown in the De as applicable to this endorsement.)

This insurance applies only to "bodily injury," "property damage," "personal injury," "advertising in medical expenses arising out of:

1.  The ownership, maintenance or use of the premises shown in the Schedule and operations nec incidental to those premises; or

2.  The project shown in the Schedule.

CG 21 44 11 85              Copyright. Insurance Services Office, Inc., 1984

A-33

COMMERCIAL GENERAL LIABILITY
CG 22 34 01 96

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - CONSTRUCTION MANAGEMENT ERRORS AND OMISSIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to paragraph 2., Exclusions of COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I - Coverages) and paragraph 2., Exclusions of COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY (Section I - Coverages):

This insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of:

1. The preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications by any architect, engineer or surveyor performing services on a project on which you serve as construction manager; or

2. Inspection, supervision, quality control, architectural or engineering activities done by or for you on a project on which you serve as construction manager.

This exclusion does not apply to "bodily injury" or "property damage" due to construction or demolition work done by you, your "employees" or your subcontractors.

Copyright, Insurance Services Office, Inc., 1994

A-34

INTERLINE
IL 00 21 04 98

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
### (Broad Form)

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS POLICY
COMMERCIAL AUTO COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
EMPLOYMENT-RELATED PRACTICES LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
PROFESSIONAL LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
SPECIAL PROTECTIVE AND HIGHWAY LIABILITY POLICY NEW YORK DEPARTMENT OF TRANSPORTATION
UNDERGROUND STORAGE TANK POLICY

1. The insurance does not apply:

A. Under any Liability Coverage, to "bodily injury" or "property damage":

(1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

(1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom;

(2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

(3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:

"Hazardous properties" includes radioactive, toxic or explosive properties.

"Nuclear material" means "source material", "Special nuclear material" or "by-product material".

 Copyright, Insurance Services Office, Inc., 1997

A-35

NTERLINE
10 21 04 96

LLY.

ENDORSEMENT

This endorsement, effective                M.                          forms a part of

policy No.                                        issued to

by

## CLASSIFICATION LIMITATION ENDORSEMENT

Coverage under this contract is specifically limited to those classification codes listed in the policy.  No coverage is provided for any classification code or operation performed by the Named Insured not specifically listed in the Declaration of this policy.

All other terms and conditions remain unchanged.

_____
Authorized Representative

L 232 S (10/88)

lily injury"
g     from
terial", if:

"nuclear
or on be-
een dis-

ained  in
me pos-
, stored,
n behalf

damage"
insured"
uipment
onstruc-
e of any
ty is lo-
merica,
ida, this
property
and any

e, toxic

aterial",
mate-

1 of 2

A-36

## AMENDMENT OF PREMIUM AUDIT CONDITIONS

Paragraph 5. of COMMERCIAL GENERAL LIABILITY CONDITIONS (Section IV) is replaced by the following:

5.      Premium Audit.

a.      We will compute all premiums for this Coverage Part in accordance with our rules and rates.

b.      Premium shown in this Coverage Part as advance premium is a minimum and deposit premium. At the close of each audit period we will compute the earned premium for that period. Audit premiums are due and payable on notice to the first Named Insured. If the total earned premium for the policy period is less than the advance premium, then the advance premium is the minimum premium and is not subject to further adjustment.

c.      The first Named Insured must keep records of the information we need for premium computation, and send copies at such times as we may request.

All other terms and conditions remain unchanged.

L-338 (2/94)

**A-37**

## KEY TO DECLARATIONS PREMIUM SCHEDULE

PREMIUM BASIS:

| Key Letter | Premium Base | How Rates Apply |
|---|---|---|
| a | Area | per 1,000 square feet |
| c | Total Cost | per $1,000 of total cost |
| g | Gross Receipts | per $1,000 of gross receipts |
| m | Admissions | per 1,000 admissions |
| p | Payroll | per $1,000 of payroll |
| r | Gross Liquor receipts | per $100 of gross liquor receipts |
| s | Gross Sales | per $1,000 of gross sales |
| t | (See note * below) | (See note * below) |
| u | Units | per unit |

* Premium base t is used for a number of rarely used premium bases.
The specific base and how rates apply are shown with the
Classification Description on the DECLARATIONS-PREMIUM SCHEDULE.

ABBREVIATIONS:

-- Pr/Co      - means Products/Completed Operations

-- MP         - means Minimum Premium

-- N/C        - means Not Covered

-- O.T.N.F.P. - means Other Than Not For Profit

L-294 S (Rev. 10/97)

A-38

# COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under WHO IS AN INSURED (SECTION II).

Other words and phrases that appear in quotation marks have special meaning. Refer to DEFINITIONS (SECTION V).

## SECTION I - COVERAGES

### COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS - COVERAGES A AND B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2) The "bodily injury" or "property damage" occurs during the policy period.

c. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

**2. Exclusions**

This insurance does not apply to:

a. **Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b. **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

A-39

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

c. **Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

d. **Workers Compensation and Similar Laws**

Any obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law.

e. **Employer's Liability**

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of paragraph (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

f. **Pollution**

(1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:

(a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured;

(b) At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

(c) Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any insured or any person or organization for whom you may be legally responsible; or

(d) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations:

(i) If the pollutants are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor; or

(ii) If the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants.

Subparagraph (d)(i) does not apply to "bodily injury" or "property damage" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the fuels, lubricants or other operating fluids are intentionally discharged, dispersed or released, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent to be discharged, dispersed or released as part of the operations being performed by such insured, contractor or subcontractor.

Copyright, Insurance Services Office, Inc., 1994
CG 00 01 01 96

A-40

Subparagraphs (a) and (d)(i) do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire.

As used in this exclusion, a hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.

(2) Any loss, cost or expense arising out of any:

(a) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way, respond to, or assess the effects of pollutants; or

(b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

**g. Aircraft, Auto or Watercraft.**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion does not apply to:

(1) A watercraft while ashore on premises you own or rent;

(2) A watercraft you do not own that is:

(a) Less than 26 feet long; and

(b) Not being used to carry persons or property for a charge;

(3) Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

(4) Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or

(5) "Bodily injury" or "property damage" arising out of the operation of any of the equipment listed in paragraph f.(2) or f.(3) of the definition of "mobile equipment".

**h. Mobile Equipment**

"Bodily injury" or "property damage" arising out of:

(1) The transportation of "mobile equipment" by an "auto" owned or operated by or rented or loaned to any insured; or

(2) The use of "mobile equipment" in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition, or stunting activity.

**i. War**

"Bodily injury" or "property damage" due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution. This exclusion applies only to liability assumed under a contract or agreement.

**j. Damage to Property**

"Property damage" to:

(1) Property you own, rent, or occupy;

(2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3) Property loaned to you;

(4) Personal property in the care, custody or control of the insured;

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.