UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

| | |
|---|---|
| THE INSURANCE CORPORATION OF NEW YORK,<br><br>                  Plaintiff,<br><br>                  -against-<br><br>UNITED STATES UNDERWRITERS INSURANCE COMPANY, NATIONAL SURETY CORPORATION and FEDERAL INSURANCE COMPANY,<br><br>                  Defendants. | Civil Action No. 07 CV 8700 (NRB)<br><br>**DEFENDANT NATIONAL SURETY CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** |

------------------------------------------------------------------X

Defendant, National Surety Corporation ("National Surety") by and through its attorneys, Rivkin Radler LLP, as and for its Answer to Plaintiff's Complaint, states as follows:

<u>NATURE OF SUIT</u>:

1.    National Surety denies each and every allegation contained in paragraph no. "1" of the Complaint and refers all questions of law to the Court.

<u>THE PARTIES</u>

2.    National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "2" of the Complaint.

3.    National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "3" of the Complaint.

4. National Surety denies each and every allegation contained in paragraph no. "4" of the Complaint except admits that National Surety is incorporated in Illinois, conducts business in New York, and is located at 777 San Marin Drive, Novato, California.

5. National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "5" of the Complaint.

## JURISDICTION AND VENUE

6. National Surety denies each and every allegation contained in paragraph no. "6" of the Complaint and refers all questions of law to the Court.

7. National Surety denies each and every allegation contained in paragraph no. "7" of the Complaint and refers all questions of law to the Court.

## THE POLICIES

8. National Surety admits the allegations contained in paragraph no. "8" of the Complaint and refers to the policy which speaks for itself.

9. National Surety admits the allegations contained in paragraph no. "5" of the Complaint and refers to the policy which speaks for itself.

## GENERAL FACTUAL BACKGROUND

10. National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "10" of the Complaint.

11. National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "11" of the Complaint.

12. National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "12" of the Complaint.

13. National Surety denies each and every allegation contained in paragraph no. "13" of the Complaint and refers to the policy which speaks for itself.

14. National Surety denies each and every allegation contained in paragraph no. "14" of the Complaint and refers to the policy which speaks for itself.

15. National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "15" of the Complaint.

16. National Surety admits that it disclaimed coverage by letter, dated January 16, 2001, which speaks for itself, but otherwise, denies the allegations contained in paragraph no. "16" of the Complaint.

17. National Surety denies each and every allegation contained in paragraph no. "17" of the Complaint and refers to the decision, which speaks for itself.

18. National Surety denies each and every allegation contained in paragraph no. "18" of the Complaint and refers to the decision, which speaks for itself.

19. National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "19" of the

Complaint except admit that Forthright was found to be acting as a general contractor in connection with said project, as alleged in paragraph "24" of the Complaint.

20. National Surety denies each and every allegation contained in paragraph no. "20" of the Complaint.

### THE SZPAKOWSKI ACTION

21. National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "21" of the Complaint.

22. National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "22" of the Complaint.

23. National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "23" of the Complaint.

24. National Surety admits the allegations contained in paragraph no. "24" of the Complaint.

25. National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "25" of the Complaint.

26. National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "26" of the Complaint.

27. National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "27" of the Complaint.

U.S. UNDERWRITERS' ACTION FOR A DECLARATORY JUDGMENT ("SHELBY I")

28. National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "28" of the Complaint.

29. National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "29" of the Complaint.

30. National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "30" of the Complaint.

31. National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "31" of the Complaint.

32. National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "32" of the Complaint.

33. National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "33" of the Complaint.

### SHELBY'S ACTION FOR A DECLARATORY JUDGMENT ("SHELBY II")

34. National Surety admits the allegations contained in paragraph no. "34" of the Complaint.

35. National Surety denies each and every allegation contained in paragraph no. "35" of the Complaint and refers to the decision, which speaks for itself.

36. National Surety denies each and every allegation contained in paragraph no. "36" of the Complaint and refers to the decision, which speaks for itself.

37. National Surety denies each and every allegation contained in paragraph no. "37" of the Complaint.

### AS AND FOR A FIRST CAUSE OF ACTION

#### Forthright Acting as a Member of City Club

38. National Surety repeats, reiterates and realleges its responses to the allegations contained in paragraphs nos. "1" through "37" of the Complaint as though same were more fully set forth herein.

39. National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "39" of the Complaint.

40.  National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "40" of the Complaint.

41.  National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "41" of the Complaint.

42.  National Surety denies each and every allegation contained in paragraph no. "42" of the Complaint.

43.  National Surety denies each and every allegation contained in paragraph no. "43" of the Complaint and refers all questions of law to the Court.

AS AND FOR A SECOND CAUSE OF ACTION

U.S. Underwriters' Obligations to Forthright

44.  National Surety repeats, reiterates and realleges its responses to the allegations contained in paragraphs nos. "1" through "43" of the Complaint as though same were more fully set forth herein.

45.  National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "45" of the Complaint.

46.  National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "46" of the Complaint.

47. National Surety denies each and every allegation contained in paragraph no. "47" of the Complaint and refers all questions of law to the Court.

### AS AND FOR A THIRD CAUSE OF ACTION

#### National Surety Obligations to Forthright

48. National Surety repeats, reiterates and realleges its responses to the allegations contained in paragraphs nos. "1" through "47" of the Complaint as though same were more fully set forth herein.

49. National Surety denies each and every allegation contained in paragraph no. "49" of the Complaint and refers to the decision, which speaks for itself.

50. National Surety denies each and every allegation contained in paragraph no. "50" of the Complaint.

51. National Surety denies each and every allegation contained in paragraph no. "51" of the Complaint and refers all questions of law to the Court.

### AS AND FOR A FOURTH CAUSE OF ACTION

#### U.S. Underwriters and National Surety's Obligations to City Club

52. National Surety repeats, reiterates and realleges its responses to the allegations contained in paragraphs nos. "1" through "51" of the Complaint as though same were more fully set forth herein.

53. National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "53" of the Complaint.

54. National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "54" of the Complaint.

55. National Surety denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph no. "55" of the Complaint.

56. National Surety denies each and every allegation contained in paragraph no. "56" of the Complaint and refers all questions of law to the Court.

57. National Surety denies each and every allegation contained in paragraph no. "57" of the Complaint.

58. National Surety denies each and every allegation contained in paragraph no. "58" of the Complaint.

59. National Surety denies each and every allegation contained in paragraph no. "59" of the Complaint.

60. National Surety denies each and every allegation contained in paragraph no. "60" of the Complaint.

61. National Surety denies each and every allegation contained in paragraph no. "61" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted as against National Surety.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to the extent Plaintiff lacks privity to sue National Surety.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, because the Exclusion of Injury to Employees, Contractors and Employees of Contractors (Form L-310 (3/92) in the primary policy, to which the National Surety policy follows form, applies to bar coverage.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, because the Exclusion – Construction Management Errors And Omissions (Form CG 22 34 01 96) in the primary policy, to which the National Surety policy follows form, applies to bar coverage.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, because the Contractors Exclusion (Form 178308 01 86) in the National Surety policy applies to bar coverage.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff and/or Forthright Development Co. does not qualify as an insured under the National Surety policy because of, among other things, Forthright's independent acts while acting as a general contractor on the project at issue.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred because Plaintiff and/or Forthright failed to comply with condition precedents in the National Surety policy, including but not limited to, providing timely notice of the occurrence, claim and suit.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the terms, conditions, limitations, and exclusions to coverage set forth or incorporated by reference in the National Surety policy.

## NINTH AFFIRMATIVE DEFENSE

The National Surety policy does not provide coverage unless and until the underlying limits, deductibles and/or self-insured retentions have been properly and completely exhausted.

## TENTH AFFIRMATIVE DEFENSE

The Complaint is barred to the extent that the Plaintiff or the alleged insured has incurred any obligations, costs, or expenses, pre-tender or without National Surety's consent or approval.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred to the extent that the insured failed to mitigate, minimize or avoid any loss or damage referenced in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to the extent that Plaintiff failed to join an indispensable party.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred to the extent that the insured and/or its predecessors may have or did fraudulently conceal or misrepresent material facts at the time that the National Surety policy was negotiated or placed.

**FOURTEENTH AFFIRMATIVE DEFENSE**

This action is or may be barred by the equitable doctrine of laches, by the doctrine of estoppel, and/or by the doctrine of waiver.

**FIFTEENTH AFFIRMATIVE DEFENSE**

If National Surety is found liable in whole or in part for the causes of action asserted in the Complaint, any costs, expenses and amounts of any judgment must be apportioned among all insurance available to the insured, if any, in accordance with the "other insurance" provisions in the applicable policies.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The Complaint does not describe the claims made against National Surety with sufficient particularity to enable National Surety to determine what defenses it has in response to this action.  National Surety therefore reserves the right to assert all the defenses that may be pertinent to the Complaint once the precise nature of each claim is ascertained through discovery and investigation.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

National Surety intends to rely upon defenses that may become available or appear during the proceedings in this case and hereby reserves its right to amend its answer to assert any such defense.

WHEREFORE, National Surety requests that the Court enter judgment in its favor dismissing Plaintiff's Complaint in its entirety, with prejudice, awarding National Surety its attorneys' fees and costs in this action, and granting to National Surety such other and further relief as this Court may deem just and proper.

Dated: Uniondale, New York
       November 26, 2007

                          Yours, etc.

                          RIVKIN RADLER LLP
                          Attorneys for Defendant
                          NATIONAL SURETY CORPORATION

By: _____
                          ALAN A. EAGLE (AE3451)
                          FRANK A. VALVERDE (FV-7229)
                          926 RexCorp Plaza
                          Uniondale, New York 11556-0111
                          (516) 357-3000
                          File No.: 044200-40221

2093700 v1