UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
THE INSURANCE CORPORATION OF NEW YORK             Docket No.: 07 CV 8700

                                                   Plaintiff,
                                                                         **ANSWER**

    -against-

UNITED STATES UNDERWRITERS INSURANCE
COMPANY, NATIONAL SURETY CORPORATION
and FEDERAL INSURANCE COMPANY,

                                                    Defendants.
-------------------------------------------------------------------------X

       Defendant, UNITED STATES UNDERWRITERS INSURANCE COMPANY ("U.S. UNDERWRITERS"), by its attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, hereby answers plaintiff's Complaint For Declaratory Judgment, ("the complaint"), upon information and belief, as follows:

       1.    Denies knowledge as to the allegations contained in paragraph "1" of the complaint.

       2.    Denies knowledge as to the allegations contained in paragraph "2" of the complaint.

       3.    Denies the allegations contained in paragraph "3" of the complaint, except admits the corporate status and place of business of U.S. UNDERWRITERS.

       4.    Denies knowledge as to the allegations contained in paragraph "4" of the complaint.

5. Denies knowledge as to the allegations contained in paragraph "5" of the complaint.

6. Denies knowledge as to the allegations contained in paragraph "6" of the complaint.

7. Denies knowledge as to the allegations contained in paragraph "7" of the complaint.

8. Admits the allegations contained in paragraph "8" of the complaint.

9. Denies knowledge as to the allegations contained in paragraph "9" of the complaint.

10. Denies knowledge as to the allegations contained in paragraph "10" of the complaint.

11. Denies knowledge as to the allegations contained in paragraph "11" of the complaint.

12. Denies knowledge as to the allegations contained in paragraph "12" of the complaint.

13. Admits the allegations contained in paragraph "13" of the complaint.

14. Denies knowledge as to the allegations contained in paragraph "14" of the complaint.

15. Denies the allegations contained in paragraph "15" of the complaint and refer the Court to the actual documents.

16. Denies knowledge as to the allegations contained in paragraph "16" of the complaint.

17. Denies the allegations contained in paragraph "17" of the complaint.

18. Denies knowledge as to the allegations contained in paragraph "18" of the complaint.

19. Denies knowledge as to the allegations contained in paragraph "19" of the complaint.

20. Denies the allegations contained in paragraph "20" of the complaint.

21. Denies knowledge as to the allegations contained in paragraph "21" of the complaint.

22. Denies knowledge as to the allegations contained in paragraph "22" of the complaint.

23. Denies knowledge as to the allegations contained in paragraph "23" of the complaint.

24. Denies knowledge as to the allegations contained in paragraph "24" of the complaint.

25. Denies knowledge as to the allegations contained in paragraph "25" of the complaint.

26. Denies knowledge as to the allegations contained in paragraph "26" of the complaint.

27. Denies knowledge as to the allegations contained in paragraph "27" of the complaint.

28. Admits the allegations contained in paragraph "28" of the complaint.

29. Denies the allegations contained in paragraph "29" of the complaint and refers the Court to the entire proceedings and decisions of the Court.

30. Denies the allegations contained in paragraph "30" of the complaint and refers the Court to the entire proceedings and decisions of the Court.

31. Denies the allegations contained in paragraph "31" of the complaint and refers the Court to the entire proceedings and decisions of the Court.

32. Denies the allegations contained in paragraph "32" of the complaint.

33. Denies the allegations contained in paragraph "33" of the complaint.

34. Denies knowledge as to the allegations contained in paragraph "34" of the complaint.

35. Denies knowledge as to the allegations contained in paragraph "35" of the complaint.

36. Denies knowledge as to the allegations contained in paragraph "36" of the complaint.

37. Denies knowledge as to the allegations contained in paragraph "37" of the complaint.

### ANSWERING THE FIRST CAUSE OF ACTION

38. As and for a response to paragraph numbered "38" of the complaint, defendants repeat and re-allege each and every denial contained in paragraphs numbered "1" through "37" of this answer with the same force and effect as if fully set forth at length herein.

39. Denies the allegations contained in paragraph "39" of the complaint.

40. Denies the allegations contained in paragraph "40" of the complaint.

41. Denies the allegations contained in paragraph "41" of the complaint.

42. Denies the allegations contained in paragraph "42" of the complaint.

43. Denies the allegations contained in paragraph "43" of the complaint.

### ANSWERING THE SECOND CAUSE OF ACTION

44. As and for a response to paragraph numbered "44" of the complaint, defendants repeat and re-allege each and every denial contained in paragraphs numbered "1" through "43" of this answer with the same force and effect as if fully set forth at length herein.

45. Denies the allegations contained in paragraph "45" of the complaint.

46. Denies the allegations contained in paragraph "46" of the complaint.

47. Denies the allegations contained in paragraph "47" of the complaint.

### ANSWERING THE THIRD CAUSE OF ACTION

48. As and for a response to paragraph numbered "48" of the complaint, defendants repeat and re-allege each and every denial contained in paragraphs numbered "1" through "47" of this answer with the same force and effect as if fully set forth at length herein.

49. Denies knowledge as to the allegations contained in paragraph "49" of the complaint.

50. Denies knowledge as to the allegations contained in paragraph "50" of the complaint.

51. Denies knowledge as to the allegations contained in paragraph "51" of the complaint.

### ANSWERING THE FOURTH CAUSE OF ACTION

52. As and for a response to paragraph numbered "52" of the complaint, defendants repeat and re-allege each and every denial contained in paragraphs numbered "1" through "51" of this answer with the same force and effect as if fully set forth at length herein.

53. Denies knowledge as to the allegations contained in paragraph "53" of the complaint.

54. Denies the allegations contained in paragraph "54" of the complaint.

55. Denies the allegations contained in paragraph "55" of the complaint.

56. Denies the allegations contained in paragraph "56" of the complaint.

## FIRST AFFIRMATIVE DEFENSE

57. The complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

58. Plaintiff lacks standing to assert the claims asserted in the complaint.

## THIRD AFFIRMATIVE DEFENSE

59. The Plaintiff has failed to mitigate damages and therefore, the claims asserted in the complaint should be dismissed in whole or in part based upon the failure to mitigate damages.

## FOURTH AFFIRMATIVE DEFENSE

60. The claims asserted in the complaint are barred by judicial estoppel from asserting the claims asserted in the complaint.

## FIFTH AFFIRMATIVE DEFENSE

61. The claims asserted in the complaint are barred by equitable estoppel from asserting the claims asserted in the complaint.

## SIXTH AFFIRMATIVE DEFENSE

62. The claims asserted in the complaint are barred by prior determination of a court with competent jurisdiction over the parties in this action and/or their assignor or assignors.

## SEVENTH AFFIRMATIVE DEFENSE

63. The claims asserted in the complaint are barred by prior release and discontinuance of claims asserted in a court with competent jurisdiction over the parties in this action and/or their assignor or assignors.

## EIGHTH AFFIRMATIVE DEFENSE

64. The claims asserted in the complaint are barred by res judicata.

## NINTH AFFIRMATIVE DEFENSE

65. The claims asserted in the complaint are barred by collateral estoppel.

## TENTH AFFIRMATIVE DEFENSE
## AND FIRST CROSS-CLAIM AND COUNTERCLAIM

66. The policy issued by U.S. UNDERWRITERS to City Club Hotel LLC and Shelby Realty LLC, numbered CL 3034793 ("U.S. UNDERWRITERS policy"), includes the following provisions:

### EXCLUSION OF INJURY TO EMPLOYEES, CONTRACTORS AND EMPLOYEES OF CONTRACTORS

This insurance does not apply to:

(i) bodily injury to any employee of any insured, to any contractor hired or retained by or for any insured or to any employee of such contractor, if such claim for bodily injury arises out of and in the course of his employment or retention of such contractor by or for any insured, for which any insured may become liable in any capacity;

(ii) any obligation of any insured to indemnify or contribute with another because of damages arising out of bodily injury; or

(iii) bodily injury sustained by the spouse, child, parent, brother or sister of an employee of any insured, or of a contractor, or of an employee of a contractor

>of any insured as a consequence of bodily injury
>to such employee, contractor or employee of such
>contractor, arising our of and in the course of such
>employment or retention by or for any insured.
>
>This exclusion applies to all claims and suits by any person or organization for damages because of such bodily injury, including damages care and loss of services.
>
>This exclusion replaces the exclusion relating to bodily injury to employees and relatives of employees contained in the Exclusions Section of the policy to which this endorsement is attached.
>All other terms and conditions remain unchanged.
>
>\* \* \*
>
>**SECTION II - WHO IS AN INSURED**
>
>1. If you are designated in the Declarations as:
>
>    \* \* \*
>
>    c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

67. While plaintiff claims, in the name and in the place of Forthright, that Forthright is entitled to coverage under the U.S. UNDERWRITERS policy for the claims asserted against Forthright in the Szpakowski action and other actions related to the Szpakowski action, Forthright is not an insured under the U.S. UNDERWRITERS policy as to the claims asserted against Forthright in the Szpakowski action and other actions related to the Szpakowski action.

68. The claims asserted against Forthright in the Szpakowski action and other actions related to the Szpakowski action pertain to Forthright's conduct as a contractor.

69. The claims asserted against Forthright in the Szpakowski action and other actions related to the Szpakowski action pertain to Forthright's conduct as a sub-contractor.

70. The claims asserted against Forthright in the Szpakowski action and other actions related to the Szpakowski action pertain to Forthright's conduct as a construction manager.

71. Wherefore, U.S. UNDERWRITERS is entitled to a declaration that Forthright is not entitled either defense or indemnity under the U.S. UNDERWRITERS policy for the claims asserted against Forthright in the Szpakowski action and other actions related to the Szpakowski action in that Forthright is not an insured under the U.S. UNDERWRITERS policy as to the claims asserted against Forthright in the Szpakowski action and other actions related to the Szpakowski action.

### ELEVENTH AFFIRMATIVE DEFENSE AND SECOND CROSS-CLAIM AND COUNTERCLAIM

72. The U.S. UNDERWRITERS policy includes the following provisions:

> 2.  Exclusions.
>
>     This insurance does not apply to:
>
>     \*   \*   \*
>
> b.  Contractual Liability
>
>     "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
>     (1) That the insured would have in the absence of the contract or agreement; or
>     (2) Assumed in contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.

CG 00 01 01 96

\*   \*   \*

CONTRACTUAL LIABILITY LIMITATION

This endorsement modifies insurance provided under the following:

9

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The definition of "insured contract" in the DEFINITIONS section is replaced by the following:

"Insured contract" means:

a.  A contract for a lease or premises. ….
b.  A sidetrack agreement;
c.  Any easement or license agreement ….
d.  An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;
e.  An elevator maintenance agreement.

CG 21 39 10 93.

73. In the <u>Szpakowski</u> action and other actions related to the <u>Szpakowski</u> action, Forthright has been sued and held liable based upon contractual obligations.

74. While plaintiff claims, in the name and in the place of Forthright, that Forthright is entitled to coverage under the U.S. UNDERWRITERS policy for the claims asserted against Forthright in the <u>Szpakowski</u> action and other actions related to the <u>Szpakowski</u> action, the above-noted provisions bar coverage for Forthright under the U.S. UNDERWRITERS policy as to the claims asserted against Forthright in the <u>Szpakowski</u> action and action related to the <u>Szpakowski</u> action.

75. Coverage has properly been denied to Forthright under the U.S. UNDERWRITERS policy based upon the above-quoted provisions.

76. Similarly, while Forthright has asserted claims against City Club Hotel LLC in an action related to the <u>Szpakowski</u> action based upon contract, the claims asserted by Forthright against City Club Hotel LLC are barred from coverage by the above-noted provisions.

77. Coverage has properly been denied to Forthright and City Club Hotel LLC under the U.S. UNDERWRITERS policy based upon the above-quoted provisions as to the claims asserted by Forthright against City Club Hotel LLC in an action related to the Szpakowski action based upon contract.

78. Wherefore, U.S. UNDERWRITERS is entitled to a declaration that Forthright is not entitled either defense or indemnity under the U.S. UNDERWRITERS policy for the claims asserted against Forthright in the Szpakowski action and other actions related to the Szpakowski action based upon the above-quoted provisions, and that City Club Hotel LLC is not entitled either to a defense or indemnity under the U.S. UNDERWRITERS policy for the claims asserted by Forthright against City Club Hotel LLC based upon the above-quoted provisions.

**TWELFTH AFFIRMATIVE DEFENSE
AND THIRD CROSS-CLAIM AND COUNTERCLAIM**

79. The U.S. UNDERWRITERS policy also includes the following provisions:

EXCLUSION – CONSTRUCTION MANAGEMENT ERRORS AND OMISSIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to paragraph 2. Exclusions of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I – Coverages) and paragraph 2. Exclusions of COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY (Section I – Coverages):

This insurance does not apply to "bodily injury" or "advertising injury" arising out of:

1. The preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications by an architects, engineer or surveyor performing services on a project on which you serve as construction manager; or
2. Inspection, supervision, quality control, architectural or engineering activities done by or for you on a project on which you serve as construction manager....

11

CG 22 34 01 96.

80. While plaintiff claims, in the name and in the place of Forthright, that Forthright is entitled to coverage under the U.S. UNDERWRITERS policy for the claims asserted against Forthright in the Szpakowski action and other actions related to the Szpakowski action, the above-noted provisions bar coverage for Forthright under the U.S. UNDERWRITERS policy as to the claims asserted against Forthright in the Szpakowski action and other actions related to the Szpakowski action.

81. The claims asserted against Forthright in the Szpakowski action and other actions related to the Szpakowski action pertain to Forthright's conduct as a contractor.

82. The claims asserted against Forthright in the Szpakowski action and other actions related to the Szpakowski action pertain to Forthright's conduct as a sub-contractor.

83. The claims asserted against Forthright in the Szpakowski action and other actions related to the Szpakowski action pertain to Forthright's conduct as a construction manager.

84. Wherefore, U.S. UNDERWRITERS is entitled to a declaration that Forthright is not entitled either defense or indemnity under the U.S. UNDERWRITERS policy for the claims asserted against Forthright in the Szpakowski action and other actions related to the Szpakowski action in that above-noted provisions bar coverage for Forthright under the U.S. UNDERWRITERS policy as to the claims asserted against Forthright in the Szpakowski action and other actions related to the Szpakowski action.

**THIRTEENTH AFFIRMATIVE DEFENSE
AND FOURTH CROSS-CLAIM AND COUNTERCLAIM**

85. The U.S. UNDERWRITERS policy further includes the following provisions:

EXCLUSION – DESIGNATED PROFESSIONAL SERVICES

12

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

\*   \*   \*

With respect to any professional services shown in the Schedule [defined in the declarations page of the policy], this insurance does not apply to "bodily injury" "property damage" "personal injury" or "advertising injury" due to the rendering or failure to render any professional services.

CG 21 16 11 85

86. While plaintiff claims, in the name and in the place of Forthright, that Forthright is entitled to coverage under the U.S. UNDERWRITERS policy for the claims asserted against Forthright in the Szpakowski action and other actions related to the Szpakowski action, the above-noted provisions bar coverage for Forthright under the U.S. UNDERWRITERS policy as to the claims asserted against Forthright in the Szpakowski action and other actions related to the Szpakowski action.

87. The claims asserted against Forthright in the Szpakowski action and other actions related to the Szpakowski action pertain to Forthright's conduct as a contractor.

88. The claims asserted against Forthright in the Szpakowski action and other actions related to the Szpakowski action pertain to Forthright's conduct as a sub-contractor.

89. The claims asserted against Forthright in the Szpakowski action and other actions related to the Szpakowski action pertain to Forthright's conduct as a construction manager.

90. Wherefore, U.S. UNDERWRITERS is entitled to a declaration that Forthright is not entitled either defense or indemnity under the U.S. UNDERWRITERS policy for the claims asserted against Forthright in the Szpakowski action and other actions related to the Szpakowski action in that above-noted provisions bar coverage for Forthright under the U.S. UNDERWRITERS policy as to

the claims asserted against Forthright in the <u>Szpakowski</u> action and other actions related to the <u>Szpakowski</u> action.

**WHEREFORE** defendant U.S. UNDERWRITERS is entitled to a declaration that Forthright is not entitled either to a defense or indemnity under the U.S. UNDERWRITERS policy for the claims asserted against Forthright in the <u>Szpakowski</u> action and other actions related to the <u>Szpakowski</u> action, and that City Club Hotel LLC is not entitled either to a defense or indemnity under the U.S. UNDERWRITERS policy for the claims asserted by Forthright against City Club Hotel LLC, together with such other and further relief as this Court deems just.

Dated:   Mineola, New York
         December 14, 2007

                      **MIRANDA SOKOLOFF SAMBURSKY
SLONE VERVENIOTIS LLP**
Attorneys for Defendant
UNITED STATES UNDERWRITERS
INSURANCE COMPANY

By: _____
Steven Verveniotis (SV 8800)
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676
Our File No.: 02-245

TO:   MELITO & ADOLFSEN, P.C.
      Louis G. Adolfsen (LGA 5431)
      Attorneys for Plaintiff
      THE INSURANCE CORPORATION OF NEW YORK
      233 Broadway
      New York, NY 10279-0118
      (212) 238-8900